| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

TAYLOR PIPELINE  §
CONSTRUCTION, INC.,  §
　　　　　　　　　　　　　　§
　　　　Plaintiff,  §
　　　　　　　　　　　　　　§
versus  §  CIVIL ACTION NO. 1:04-CV-599
　　　　　　　　　　　　　　§
DIRECTIONAL ROAD BORING,  §
INC., DAVID J. O'LEARY, HYPOWER,  §
INC., and P.D.G. ELECTRIC  §
COMPANY,  §
　　　　　　　　　　　　　　§
　　　　Defendants.  §

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I.　The Court's Findings and Analysis

　　A.　Findings of Fact

　　1.　Plaintiff Taylor Pipeline Construction, Inc. ("Taylor") is a Texas corporation with its principal place of business in Texas.

　　2.　Defendant Directional Road Boring, Inc. ("DRB") is a Louisiana corporation with its principal place of business in Louisiana, and Defendant David J. O'Leary ("O'Leary") is an individual residing in the state of Louisiana (collectively, "the Defaulting Defendants").

　　3.　Defendant Hypower, Inc. ("Hypower") is a Nevada corporation with its principal place of business located in Florida, and Defendant P.D.G. Electric Company ("P.D.G.") is a Florida corporation with its principal place of business located in Florida.

　　4.　Plaintiff initiated this action on April 7, 2004, in the 75th Judicial District Court of Liberty County, Texas, asserting claims against the Defaulting Defendants for conversion,

negligence, Trust Fund violations under Chapter 162 of the Texas Property Code, fraud, sworn account, quantum meruit, and failure to comply with the Prompt Pay Act.

5. Defaulting Defendants were properly served, with the Secretary of State for the State of Texas acting as DRB and O'Leary's agent for service of process with respect to this legal proceeding.

6. P.D.G., with the other defendants providing their consent, removed this case to federal court on September 17, 2004, based on diversity of citizenship.

7. Defaulting Defendants failed to plead or otherwise defend themselves. Plaintiff filed its Motion and Request for Entry of Default and Default Judgment (#20) pursuant to Federal Rule of Civil Procedure 55 on July 25, 2005.

8. DRB and O'Leary were ordered to appear in court in person on October 19, 2005, to show cause why default judgment should not be rendered against them. The Defaulting Defendants failed to appear at the show cause hearing.

9 Defaulting Defendants are not infants, incompetent persons, or members of the United States military.

10. Plaintiff provided materials and labor to the Defaulting Defendant in the regular course of business for the construction of improvements to real property located in the state of Texas.

11. The Defaulting Defendants accepted the materials and labor.

12. The Defaulting Defendants became bound to pay the Plaintiff for the materials and labor.

13. Plaintiff's designated charges of $99,947.88 were reasonable, usual, and customary charges for such materials and labor.

14. Plaintiff timely presented Defaulting Defendants with a written demand for payment of the claims made the basis of this suit.

15. Plaintiff received a cashier's check, dated September 21, 2004, in the amount of $5,000.00, which was credited towards the $99,947.88. Defaulting Defendants failed to make any additional payments to Plaintiff.

16. The principal amount that the Defaulting Defendants owe on the account is $94,947.88.

17. The Defaulting Defendants owe $13,666.39 in prejudgment interest.

18. The federal postjudgment interest rate as of October 21, 2005, is 4.14% per annum.

19. The Defaulting Defendants' wrongful actions made it necessary for Plaintiff to employ the firm of Sullins, Johnston, Rohrbach, & Magers to file suit.

20. Reasonable attorneys' fees are $15,000.00 when the court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

B. <u>Conclusions of Law</u>

1. The Defaulting Defendants owe Plaintiff $94,947.88 in principal, after all lawful offsets are allowed, for materials and labor furnished by Plaintiff to Defaulting Defendants in the

regular course of business for the construction of improvements to real property located in the state of Texas.

2. In diversity cases, state law governs the determination of prejudgment interest. *See DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003); *see also Boston Old Colony Ins. Co. v. Tiner Assocs.*, 288 F.3d 222, 234 (5th Cir. 2002); *Mitchell Energy Corp. v. Samson Resources Co.*, 80 F.3d 976, 986 (5th Cir. 1996).

3. "In Texas, statutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *International Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002); *see* TEX. FIN. CODE ANN. §§ 304.102, 304.201 (Vernon Supp. 2004-2005); *Cotter v. Tobey*, No. 04-04-00082-CV, 2005 WL 291462, at *3 n.2 (Tex. App.—San Antonio, Feb. 9, 2005, no pet.) (mem. op.); *Cumberland Cas. & Sur. Co. v. Nkwazi, L.L.C.*, No. 03-02-00270-CV, 2003 WL 21354608, at *6 (Tex. App.—Austin, June 12, 2003, no pet.) (mem. op.). Because Plaintiff's claims do not fall within these statutory provisions, the prejudgment interest award is governed by Texas common law. *See International Turbine Servs.*, 278 F.3d at 499-500; *Cotter*, 2005 WL 291462, at *3 n.2; *Cumberland Cas. & Sur. Co.*, 2003 WL 21354608, at *6.

4. Because Plaintiff has not provided the court with evidence of an applicable interest rate as provided by contract, the court will rely on Texas common law and Section 304.003 of the Texas Finance Code for determination of the prejudgment interest rate. *See* TEX. FIN. CODE ANN. § 304.003(b)-(c) (Vernon Supp. 2004-2005); *Cotter*, 2005 WL 291462, at *3. Under Texas common law, prejudgment interest accrues at the same rate as postjudgment interest and is computed as simple interest. *See International Turbine Servs.*, 278 F.3d at 500; *Cotter*, 2005 WL 291462, at *3; *Cumberland Cas. & Sur. Co.*, 2003 WL 21354608, at *6.

5. Under Section 304.003 of the Texas Finance Code, on the 15th day of each month, the Consumer Credit Commissioner determines the postjudgment interest rate to be applied to a money judgment rendered during the succeeding calendar month. The postjudgment interest rate is: (1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation; (2) five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is less than five percent; or (3) 15 percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is more than 15 percent. *See* TEX. FIN. CODE ANN. § 304.003(b)-(c) (Vernon Supp. 2004-2005).

6. The Consumer Credit Commissioner has set the postjudgment interest rate at 6.5% per annum for October of 2005.

7. According to Section 304.104 of the Texas Finance Code:

> Except as provided by Section 304.105 or 304.108, prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered. Prejudgment interest is computed as simple interest and does not compound.

TEX. FIN. CODE ANN. § 304.104 (Vernon Supp. 2004-2005).

8. Defaulting Defendants received written notice of Plaintiff's demand for payment in the form of: (1) Invoice #1588, dated February 6, 2003, in the amount of $54,221.67; (2) Invoice #1699, dated March 19, 2003, in the amount of $36,986.31; and (3) Invoice #1742, dated April 7, 2003, in the amount of $8,739.90.

9. In accordance with Texas common law, Plaintiff is entitled to prejudgment interest on the $54,221.67, the $36,986.31, and the $8,739.90, at the rate of 6.5% per annum, accruing during the period 180 days after written notice for each amount was given to the Defaulting

Defendants to the day preceding the date judgment is rendered, with appropriate adjustment being made for the $5,000.00 credit applied September 21, 2004, thus totaling $13,666.39.

10. Federal law determines when postjudgment interest begins to accrue in diversity cases. *See DP Solutions, Inc.*, 353 F.3d at 435; *see also Boston Old Colony Ins. Co.*, 288 F.3d at 234; *Mitchell Energy Corp.*, 80 F.3d at 987.

11. According to federal law,

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a) (2000) (footnote omitted).

12. "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b) (2000).

13. "[P]ost-judgment interest at the federal rate [is] assessed against the pre-judgment interest." *Boston Old Colony Ins. Co.*, 288 F.3d at 234 (citing *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991)).

14. Plaintiff is entitled to postjudgment interest under federal law at the rate of 4.14% per annum compounded annually.

15. Plaintiff is entitled to reasonable and necessary attorneys' fees in the amount of $15,000.00 under Section 38.001 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997 & Supp. 2004-2005).

16. Any conclusion of law more properly characterized as a finding of fact is hereby adopted as such. Any finding of fact more properly characterized as a conclusion of law is hereby adopted as such.

II.    <u>Conclusion</u>

For the foregoing reasons, this court finds an entry of default judgment against Directional Road Boring, Inc. and David J. O'Leary is proper, thus entitling Plaintiff to an award of $94,947.88 in damages, prejudgment interest calculated at the rate of 6.5% per annum, totaling $13,666.39, attorneys' fees in the amount of $15,000.00, and postjudgment interest at the rate of 4.14% per annum to be compounded annually. Any relief not expressly granted is denied.

    SIGNED at Beaumont, Texas, this 21st day of October, 2005.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE